UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOB LUJANO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  v. | ) Case No.: |
| | ) |
| MIDSTATES PETROLEUM COMPANY, | ) |
| L.L.C., | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFFS' COMPLAINT

Plaintiff, BOB LUJANO (hereinafter "Lujano" or "Plaintiff"), hereby sues

MIDSTATES PETROLEUM COMPANY, L.L.C., (hereinafter referred to as

"Midstates" or as "Defendant") and alleges as follows:

## PARTIES

1. Plaintiff, Lujano, is a resident of Jefferson County, Alabama, who has

mobility disabilities and is substantially limited in the major life activity of walking

and requires a wheelchair for mobility. Therefore, Lujano qualifies as an

"individual with disabilities" as defined by the ADA.

2. Defendant Midstates is a domestic limited liability company

registered to do business and actually doing business in the State of Alabama.

Midstates owns and/or operates and/or leases a number of gas station and

1

convenience store locations and/or properties and/or facilities in Alabama, including the Midstates gas station and convenience store located at 1679 E Main St, Prattville, Alabama, the Midstates gas station and convenience store located at 219 S Memorial Dr, Prattville, Alabama, the Midstates gas station and convenience store located at 5400 Wares Ferry Rd, Montgomery, Alabama, and the Midstates gas station and convenience store located at 1667 Cherokee Ave SW, Cullman, Alabama.

3.      Plaintiff Lujano has patronized Defendants' gas station and convenience store locations listed above within the last two years of the filing of this complaint and he intends to continue to patronize Defendant's gas stations and convenience stores. At these locations, Lujano encountered barriers. Unless Defendant is required to remove the access barriers described below, Lujano will continue to be denied equal access to Defendant's facilities as described and will be denied the ability to fully use Defendant's facilities.

**JURISDICTION AND VENUE**

4.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 12188, and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG").

5.      Plaintiff's claims arose in this judicial district and Defendant does ongoing, substantial, business in this judicial district, such that the assertion of

personal jurisdiction over Defendant complies with fairness and does not offend justice.

6.　Venue in this judicial district is proper under 28 U.S.C. § 1391(b) (2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred as Defendant's gas station and convenience store locations are situated within this judicial district.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

7.　Congress enacted the ADA over thirty years ago and in so doing clearly stated its intention to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

8.　The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life. This lawsuit focuses on Defendant's systemic willful failure to comply with their ongoing readily achievable barrier removal obligations within their places of public accommodation in compliance with the ADA.

9.　Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a), and prohibits places of public

accommodation, either directly, or through contractual, licensing, or other arrangements, from denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

10. A unanimous Supreme Court upheld the constitutionality of the public accommodations provisions of the Civil Rights Act of 1964 in *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964). The Supreme Court agreed that Congress possessed the authority to outlaw discrimination in public accommodations on the basis of race. *Id.* at 261-62. Congress acted again to outlaw discrimination in public accommodations—this time on the basis of disability. 42 U.S.C. § 12182(b)(1)(D).

11. Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of [accommodations] by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Congress made no distinction whether the owner was a natural person, a partnership, a corporation, or any other type of structure allowed under the law. Congress outlawed discrimination on the basis of disability.

12. The ADA expressly contemplates loss of opportunity as an actionable injury. Congress included within the Act the stated goal of assuring "equality of

4

opportunity" to disabled persons. 42 U.S.C. § 12101(a). The ADA provides a cause of action to "any person who is being subjected to discrimination" and expressly states that "it shall be discriminatory to subject an individual or class of individuals on the basis of disability … *to a denial of the opportunity* of the individual *or class* to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(a), (b) (emphasis added). A disabled plaintiff is denied the opportunity to participate in or benefit from the goods and services, which is among the ADA's general prohibitions, in a number of ways, including a defendant's "failure to remove architectural barriers," which is among the specific prohibitions listed in § 12182(b). Thus, the disabled plaintiff suffers an ongoing injury so long as he or she is effectively denied the opportunity to participate in or benefit from the goods, services, facilities, advantages, or accommodations of the entity.

## PLAINTIFF'S EXPERIENCES AT DEFENDANT'S LOCATIONS

13. Lujano visited the aforesaid gas station and convenience store locations owned, operated, and/or controlled by Defendant within the last two years, where he experienced unnecessary difficulty and risk in the exterior and interior areas of the facilities due to inaccessible parking and/or accessible routes, inaccessible self-service beverage counters and beverage dispensers, and inaccessible self-service food counters and condiment dispensers, along with the

5

other ADA access violations as set forth in more detail below. As a result, Plaintiff was caused to suffer feelings of isolation, social exclusion, and loss of opportunity.

14.     As a result of Defendant's non-compliance with the ADA, Plaintiff Lujano's ability to access and use Defendant's facilities has been significantly impeded and they have suffered an injury-in-fact in precisely the manner and form that the ADA was enacted to guard against.

15.     These barriers prevented and continue to prevent safe and equal access to goods and services for people in wheelchairs and/or with mobility impairments, which constitute discriminatory ADA accessibility violations at Defendant's properties as set forth in more detail below.

16.     At Defendant's store located at 1679 E Main St, Prattville, Alabama, Lujano encountered barriers and issues as follows:

   a.     There is no directional signage indicating the presence and location of an accessible parking space in the rear of the facility;

   b.     There is no accessible route to enter the store due to the presence of a step at both entry doors;

   c.     The checkout counter surface exceeds the maximum height requirement;

   d.     The restroom entry door has knob hardware that requires pinching, grasping, or twisting of the wrist;

e.   The restroom toilet has no rear grab bar;

f.   The restroom lavatory mirror exceeds the maximum height requirement;

g.   The restroom soap dispenser has operable parts that exceed the reach range requirement;

h.   The restroom lavatory pipes are not insulated;

17.   At Defendant's store located at 219 S Memorial Dr, Prattville, Alabama, Lujano encountered barriers and issues as follows:

a.   There is no accessible parking;

b.   The self-serve food and beverage dispensers have operable parts that are too high for a wheelchair user;

c.   The self-serve cups, lids, straws and condiments are located out of reach of a wheelchair user;

d.   The restroom entry door has knob hardware that requires pinching, grasping, or twisting of the wrist;

e.   There is no accessible signage at the restroom entry door;

f.   The restroom door closer closes too quickly;

g.   The restroom lavatory pipes are not insulated;

h.   The toilet flush lever is on the closed side of the toilet;

7

      i.     The exterior ice cooler has no clear floor space for a wheelchair user to access the cooler;

18.    At Defendant's store located at 5400 Wares Ferry Rd, Montgomery, Alabama, Lujano encountered barriers and issues as follows:

     a.    The paint striping that once may have identified an accessible or van accessible parking is no longer present due to Defendant's failure to maintain the accessible parking surface;

     b.    The self-serve food and beverage machine operating controls are located out of reach of a wheelchair user;

     c.    The self-serve cups, lids, straws and condiments are located out of reach of a wheelchair user;

19.    At Defendant's store located at 1667 Cherokee Ave SW, Cullman, Alabama, Lujano encountered the following barriers and issues:

     a.    The accessible parking signage is closer to the access aisle than the parking space which encourages parking in the access aisle;

     b.    The accessible parking and access aisle surface is not level;

     c.    The self-serve food and beverage operating controls are located out of reach of a wheelchair user;

     d.    The self-serve cups, lids, straws, and condiments are located out of reach of a wheelchair user.

20. On information and belief, some or all of these barriers named in Paragraphs 16, 17, 18, and 19 above, remain at these locations.

21. Defendant's policy, practice, or procedure of failing to engage in readily achievable barrier removal efforts at its existing facilities is a failure to recognize and adhere to ongoing barrier removal obligations in violation of 28 CFR § 36.304. These failures are systemic and create barriers to equal access to Plaintiff that continually prevent Plaintiff, and those similarly situated, from equal participation in and benefit from Defendant's goods, services, and accommodations.

22. The foregoing barriers to access are violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

22. The discriminatory violations described above are not an exhaustive list of the Defendants' ADA violations as Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. 36.501. Plaintiff requires the inspection of the Defendant's subject properties in order to photograph and measure all of the discriminatory acts and practices violating the ADA and all of the barriers to access. Once the Plaintiff personally encounters discrimination or learns of discriminatory violations through expert findings or personal observation, they have actual notice that the defendant does not intend to comply with the ADA. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's

places of public accommodation to determine all of the areas of noncompliance with the Americans with Disabilities Act impacting the Plaintiff and all other similarly situated individuals with disabilities.

23.     The individual Plaintiff and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's building and facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

24.     The barriers to equal access described herein constitute substantial and pervasive discriminatory barriers to equal access which seriously affect the civil rights of individuals with disabilities, including Plaintiff's. To date, the discriminatory barriers still exist at the subject facility as Defendant has failed to remove, repair, or otherwise alter said barriers in such a way as to effectuate compliance with the provisions of the ADA. Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by

failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover attorney's fees, costs and litigation from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable

11

by individuals with disabilities as defined by the ADA.

27.    Notice to Defendant is not required as a result of Defendant's failure to cure the subject violations as required by 28 CFR 36.304(a), 28 CFR 36.401, and/or 28 CFR 36.402. The Plaintiff states that as soon as he encountered and/or observed the architectural barriers at the subject location he had actual notice that the Defendant does not intend to comply with the ADA. All other conditions precedent have been met by Plaintiff or waived by the Defendant.

28.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, Plaintiff and all other individuals with disabilities to the extent required by the ADA; or by closing the subject facilities until such time as the Defendant cure its violations of the ADA. The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*;

A. Injunctive relief against the Defendant, including an order to perform all readily achievable barrier removal at the facilities; or to

make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to fulfill its continuing duty to maintain its accessible elements, features, and equipment in the future so that its goods and services remain accessible to individuals with disabilities as required by 28 C.F.R. 36 § 211; and to make reasonable modifications in its policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of auxiliary aids and services;

B. An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

C. An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted this the 6th day of April, 2026.

/s/ Peter H. Burke_____
Peter H. Burke (ASB-1992-K74P)
CR LEGAL TEAM, LLP
3535 Grandview Parkway, Suite 222
Birmingham, Alabama 35243
T: 205-747-1901
E: phburke@crlegalteam.com

13

*/s/ John Allen Fulmer II*_____

John Allen Fulmer II (ASB-1089-O42F)
FULMER LAW FIRM, PC
5837 Southhall Rd
Birmingham, AL 35213
T: (205) 534-2081
E: jaf@jafulmerlaw.com

/s/ *Edward I. Zwilling*_____

Edward I. Zwilling (ASB-1564-L54E)
LAW OFFICE OF EDWARD I.
ZWILLING, LLC
4000 Eagle Point Corporate Drive
Birmingham, AL 35242
T: (205) 822-2701
E: edwardzwilling@zwillinglaw.com

*Attorneys for Plaintiff*

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Midstates Petroleum Company, L.L.C.
c/o Richard M. Mayers
164 1st Ave NW
Vernon, AL 35592

14